**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DEMETRIUS FLOWERS                                                                    PLAINTIFF

V.                                             4:08CV00373 WRW

MARK WILSON, Agent, F.B.I., and JOHN
DOE, Chris, F.B.I. Agent                                                          DEFENDANTS

<u>**ORDER OF DISMISSAL**</u>

Plaintiff, who is being held at the Craighead County Detention Facility, apparently as a pre-trial detainee, has filed a *pro se* Complaint (docket entry #1) pursuant to 42 U.S.C. § 1983, unaccompanied by an Application to Proceed *In Forma Pauperis*.  After careful review of Plaintiff's claims, pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that Plaintiff has raised claims that are legally frivolous, and, therefore, his Complaint is dismissed with prejudice.

## I.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under

1

§1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.  Analysis of Plaintiff's Claims

Plaintiff has filed this action, naming as Defendants two agents of the Federal Bureau of Investigations, who, he contends, are plotting to murder him at the jail, either through poisoning or by giving him HIV, since Plaintiff read "the Malcolm X book."  After careful review, the Court concludes that Plaintiff's allegations against the named Defendants are legally frivolous. Plaintiff's Complaint raises many other issues, including allegations of denial of medical treatment by jail authorities and  claims of police brutality, but these issues are currently being litigated in Plaintiff's other pending cases against the appropriate Defendants.  *See e.g.*, *Flowers v. Guthrie et al.*, 3:07CV00115 BD (denial of medical treatment at the Craighead County Detention Facility); *Flowers et al. v. Cook*, 3:08CV00040 JLH/JWC (legal mail issues related to the Nation of Islam); *Flowers v. Smith et al*, 3:08CV00047 JMM/HLJ (allegations regarding plots of poisoning and transmission of HIV); *Flowers et al. v. Kasomen et al.*, 3:08CV000JLH (cover-up plot and denial of medical care).  The facts alleged here are insufficient to "nudge their claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1964-65.

## III.  Conclusion

IT IS THEREFORE ORDERED that:

1)    Plaintiff's Complaint (docket entry #1) is DISMISSED WITH PREJUDICE as raising claims that are legally frivolous.

2)     Dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).[1]

3)     The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from any Order and Judgment entered pursuant to the Court's recommended disposition would not be taken in good faith.

DATED this 19th day of May, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1]

Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).